UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELLE L. PICKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 1722 ) |
| SHERIDAN HEALTH CARE CENTER, | ) Judge Rebecca R. Pallmeyer ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Danielle Pickett worked as a housekeeper for Defendant Sheridan Health Care Center ("Sheridan"), a nursing home for elderly people with physical and mental infirmities. Pickett won a jury verdict on her claim that Sheridan retaliated against her for her complaints about sexual harassment by residents of Sheridan. The jury awarded a total of $65,000 ($15,000 in compensatory damages and $50,000 as punitive damages), and this court awarded her an additional $1,357.42 in lost back pay. *See Pickett v. Sheridan Health Care Ctr.*, No. 07 C 1722, 2009 WL 2407736 (N.D. Ill. Aug. 4, 2009). The Court of Appeals affirmed the judgment in a published opinion. *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434 (7th Cir. 2010). Plaintiff's attorneys, Ernest T. Rossiello & Associates, P.C., now seek an award of attorneys fees in the amount of $131,665.88 and $1,271.27 in costs. The court must ordinarily award reasonable fees pursuant to 42 U.S.C. § 1988 unless special circumstances render such an award unjust. *Blanchard v. Bergeron*, 489 U.S. 87, 89 n.1 (1989) citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). For the reasons that follow, the motion is granted in part and denied in part.

## DISCUSSION

The reasonableness of an award of attorneys' fees is determined using the lodestar method, starting by multiplying the number of hours reasonably expended by counsel's reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant or

otherwise unnecessary are not "reasonably expended" and should therefore be excluded from this calculation. *Id.* at 434. The district court is also expected to consider other factors such as the degree of success obtained by the prevailing party's counsel, the novelty and difficulty of the questions presented, the skill required by the particular case, the customary fee, whether the fee is fixed or contingent, the experience of the attorneys, and awards in similar cases. After weighing these considerations, the court exercises its discretion to render an appropriate award without being constrained by any precise formula. *Id.* at 436-37.

Sheridan has objected to Plaintiff's fee request on a number of grounds. (Defendant's Response to Motion for Attorney's Fees [144].) Defendant argues that the fee petition itself is untimely, that the amount requested is excessive in light of Plaintiff's recovery, that hours devoted to this litigation are unreasonable, and that Plaintiff's counsel's claimed billing rate is too high. The court addresses the objections individually.

**Timeliness**

Sheridan's first objection requires little discussion. Sheridan argues that the petition was untimely because it was filed more than 91 days after entry of judgment. *See* L.R. 54.3. Plaintiff had moved to extend the time for filing of the fee petition, however, and the court ultimately granted leave to delay the filing until after it had ruled on both parties' post-trial motions [97]. Plaintiff's motion was filed during that extended period and the court stayed ruling on the request for fees, at Defendant's request, until after the appeal was complete [127]. The timeliness objection is overruled.

**Proportionality**

Defendant's second objection is a proportionality argument: Sheridan observes that the fees Plaintiff has requested are "almost 9 times the amount of the compensatory award." (Defendant's Response, at 3.) Proportionality is a legitimate concern in determining an appropriate attorneys' fee award, but our Court of Appeals has been unwilling to adopt "any mechanical rules

otherwise unnecessary are not "reasonably expended" and should therefore be excluded from this calculation. *Id.* at 434. The district court is also expected to consider other factors such as the degree of success obtained by the prevailing party's counsel, the novelty and difficulty of the questions presented, the skill required by the particular case, the customary fee, whether the fee is fixed or contingent, the experience of the attorneys, and awards in similar cases. After weighing these considerations, the court exercises its discretion to render an appropriate award without being constrained by any precise formula. *Id.* at 436-37.

Sheridan has objected to Plaintiff's fee request on a number of grounds. (Defendant's Response to Motion for Attorney's Fees [144].) Defendant argues that the fee petition itself is untimely, that the amount requested is excessive in light of Plaintiff's recovery, that hours devoted to this litigation are unreasonable, and that Plaintiff's counsel's claimed billing rate is too high. The court addresses the objections individually.

**Timeliness**

Sheridan's first objection requires little discussion. Sheridan argues that the petition was untimely because it was filed more than 91 days after entry of judgment. *See* L.R. 54.3. Plaintiff had moved to extend the time for filing of the fee petition, however, and the court ultimately granted leave to delay the filing until after it had ruled on both parties' post-trial motions [97]. Plaintiff's motion was filed during that extended period and the court stayed ruling on the request for fees, at Defendant's request, until after the appeal was complete [127]. The timeliness objection is overruled.

**Proportionality**

Defendant's second objection is a proportionality argument: Sheridan observes that the fees Plaintiff has requested are "almost 9 times the amount of the compensatory award." (Defendant's Response, at 3.) Proportionality is a legitimate concern in determining an appropriate attorneys' fee award, but our Court of Appeals has been unwilling to adopt "any mechanical rules

requiring that a reasonable attorney's fee be no greater than some multiple of the damages claimed or recovered." *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000).  The Seventh Circuit has observed, in addition, that fee-shifting statues preclude any consideration of the question whether a small claim is "worth" the effort to pursue it.  Instead, where the prevailing party is entitled to an award of fees, the court looks only at "whether the hours spent were a reasonable means to that necessary end."  *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 546 (7th Cir. 2009).  Plaintiff here won a very modest back pay award but a more substantial award of compensatory damages and attorneys' fees.  Sheridan's proportionality objection is overruled.

For similar reasons, the court is unmoved by Sheridan's contention that the litigation was "unnecessarily prolonged" by Plaintiff's rejection of a $21,000 settlement offer prior to trial.  The verdict was substantially greater than that.  Defendant suggests the court should discount that victory by the fact that Plaintiff is contractually obligated to pay her lawyers a contingency from her winnings, but that contractual obligation does not support the conclusion that Plaintiff's refusal to settle the case requires a reduction in the fee award.

**Number of Hours**

Defendant's remaining arguments require closer examination.  Defendant argues that the number of hours of attorney time for which compensation is sought is excessive, and in certain respects, the court agrees.  Plaintiff alleged that she was the victim of sexual harassment and retaliation.  The court granted summary judgment in favor of Defendant on the sexual harassment claim.  Defendant urges that "virtually all of the [attorney] time" prior to the court's ruling was devoted to the claim of sexual harassment and that the fee petition must be reduced accordingly.  If the plaintiff did not prevail on all her claims, the court excludes the hours spent on any unsuccessful claims that are unrelated to the successful claim.  *Hensley*, 461 U.S. at 440; *Spanish Action Committee of Chicago v. City of Chicago*, 811 F.2d 1129, 1133 (7th Cir. 1987).  If the claims stem from the same core of facts or are based on related legal theories, then the court does not

3

exclude the additional hours, but determines what number of hours is reasonable in light of the result achieved. *Moriarty v. Svec*, 233 F.3d 955, 964 (7th Cir. 2000); *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998).

In response to this argument, Plaintiff suggests that the sexual harassment issue was "a losing argument related to a prevailing claim." (Plaintiff's Reply [148] at 6.) The court disagrees. Sexual harassment was an independent claim for relief, was briefed and argued as such, and was the subject of substantial discovery. Because counsel made no voluntary reduction in the claim for fees to account for lack of success on the claim, the court will do so. The court recognizes that some discovery concerning sexual harassment would undoubtedly have been necessary, even had counsel recognized that the employer's prompt response to Plaintiff's complaints about resident's induct defeated that claim. Some reduction in the hours of attorney time sought is nevertheless required to account for the lack of success on an issue that consumed the bulk of the discovery and summary judgment briefing. Plaintiff's attorneys' billing records (perhaps understandably) lack detail sufficient to make a precise calculation possible, so the court will reduce the number of hours requested for litigation prior to summary judgment—43.21 hours—by 20 hours of time.

Defendant challenges the number of hours devoted to the appeal, as well. By Defendant's calculation, Plaintiff seeks compensation for 53.13 hours spent during the "appeal phase." Chart C attached to Defendant's objections, however, lists time devoted to preparation of the appeal brief and oral argument, a total of just 41.03 hours. In the court's view, the description of time devoted to that effort appears reasonable. The appeal generated a lengthy opinion, and appearance before our Court of Appeals requires attention to detail and careful preparation. The court notes that Defendant has offered no information concerning the time devoted by its own attorney to the appeal. The objection to recovery for these hours is overruled.

Defendant contends Plaintiff's lead counsel, Ernest Rossiello, should have assigned more of the legal work in this case to his associates, who bill time at a lower hourly rate. In general, the

4

court agrees that work should be performed by the lowest-priced lawyer within a firm who can accomplish the work efficiently. That said, an experienced lawyer can, presumably, achieve fee efficiency by performing work in fewer hours than could a newer attorney, and a solo practitioner would not be required to hire an associate in order to recover fees. The court concludes Mr. Rossiello is not required to demonstrate that every project he took on could only have been performed by a person of his experience. The court acknowledges, further, that Mr. Rossiello tried this case with efficiency and dispatch. Defendant has not identified any specific time entries as improper and the court is unwilling to reduce the fee award based upon this general objection.

In a supplemental memorandum [152], Defendant identifies time devoted to this case by Mr. Rossiello's associate during the period from February 13 through June 13, 2008 when Mr. Rossiello was suspended from the practice of law. In response to this objection, Mr. Rossiello has not challenged the assertion that he practiced law through an associate in April 2008. He instead argues that his suspension from practice in federal court did not begin until May 12, 2008. What is clear from Mr. Rossiello's own account, however, is that this court's Executive Committee shortened what would otherwise have been a three-month suspension in order to correspond as closely as possible with the suspension already imposed by the Illinois Supreme Court. Mr. Rossiello was indeed suspended from the practice of law in April 2008. The court agrees with Defendant that it would be improper to compensate Plaintiff for the time of an associate who operated during the suspension under Mr. Rossiello's supervision (the associate in question did not file an appearance of her own in this case). The fee award will be reduced by 2.17 hours of associate time devoted to this case between April 1 and April 9, 2008.

The court must also address Defendant's objection to Plaintiff's request for more than 30 hours of attorney time on the fee petition. Mr. Rossiello devoted 17.16 hours to the effort, and retained outside counsel, as well (Ms. Abrahamson and Ms. Rdzanek), who devoted an additional 13.75 hours to fees. A review of the lawyers' time entry suggests at least some duplication of

effort—for example, three lawyers reviewed Mr. Rossiello's time records (e.g., Rossiello, 10/16/08, 12/29/08, 6/05/09, 8/05/09; Abrahamson, 11/21/08; Rdzanek, 11/20/08). Rossiello's reply memorandum explains that retained counsel will be useful should a hearing on his fee petition be required. Indeed, retaining counsel to handle the fee award phase of a lawsuit may be a wise or more efficient approach even absent a hearing; for example, counsel may be too busy to prepare the petition when it is due, or retained counsel may have particular expertise that enables them to do the work in less time. Mr. Rossiello has offered no such explanation for his decision, however. More importantly, he has not explained why it was necessary for him to devote more than 17 hours to work that other lawyers were contractually obligated to perform for him. The court recognizes that preparation of a fee petition can be tedious and time-consuming, but concludes in this case that 30 hours is excessive. The petition will be reduced by 10 hours of Mr. Rossiello's time. The court notes that retained counsel assigned the bulk of the work to an associate at a lower billable rate. Those hours are approved.

**Hourly Rate**

Finally, the court turns to Defendant's objection to counsel's claimed hourly rate. Lead counsel, Ernest Rossiello, seeks an award at the rate of $592.50 per hour. Defendant objects to this rate as excessive and unsupported, citing a host of cases in which courts have criticized Mr. Rossiello's billing practices or claimed rates and reduced his fee requests. *See, e.g., Small v. Richard Wolf Medical Instruments Corp.*, 264 F.3d 702, 707-08 (7th Cir. 2001); *Dornmeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 584-85 (7th Cir. 2000). Notably, those cases are all at least ten years old, but Defendant nevertheless sees comparable conduct in this case and asks the court for a similar reduction.

The appropriate hourly rate for an award of fees is "'the rate that lawyers of similar ability and experience in their communities normally charge their paying clients for the type of work in question'." *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000), quoting *Spegon v.*

*Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). Counsel's "actual billing rate for comparable work is presumptively appropriate for use as a market rate. . . ." *Jeffboat, LLC v. Director, Off. of Workers' Comp. Progs.*, 553 F.3d 487, 490 (7th Cir. 2009). For an attorney who, like Mr. Rossiello, derives a substantial proportion of his income from contingency fees and court awards, the court considers rates charged by other attorneys of similar skill, experience, and credentials and other court awards of fees. *See Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909-910 (7th Cir. 2007); *People Who Care v. Rockford Bd. Of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1311-13 (7th Cir. 1996). Plaintiff's counsel bears the burden of establishing that the fees requested are reasonable and appropriate. *Hensley*, 461 U.S. 424 at 440*; Harper*, 175 F.3d at 604.

There is little evidence that supports Mr. Rossiello's claimed hourly rate. He has presented copies of agreement from two clients to pay $525 per hour in June 2004 and January 2005 (Exhibit 14), but no evidence that the clients actually paid those amounts. Nor is there any evidence that in any contested case, a court has awarded fees at that rate. Exhibits attached to Plaintiff's fee petition show, instead, awards at much more modest rates: an award of $260 per hour in 1996 (Exhibit 11); an award of $305 per hour in 1996 (Exhibit 20); an award of $320 per hour in 1997 (Exhibit 16); an award of $350 per hour in 1999 (Exhibit 17); and an award of $375 per hour in 1999 (Exhibit 19). He has recovered more substantial rates in a handful of circumstances: hourly rates of $620 in cases settled by agreement in 2007 and 2008 (Exhibits 12 and 13); an award of $475 per hour in 2002 by consent (Exhibit 18); and in a 2003 default proceeding, a state agency award at the rate of $500 per hour, representing a significant reduction from Mr. Rossiello's request (Exhibit 15). Mr. Rossiello has also submitted affidavits from Attorneys Richard Schnadig, Stephen Erf, and Vicki Lafer Abrahamson, all of whom attest that rates of $580.00 to $620.00 are reasonable for Mr. Rossiello's services. (Exhibits 7, 8, 9.)

Although these affidavits, and the settlement agreements in 2007 and 2008, arguably

7

support an award in the range Mr. Rossiello seeks, the court is reluctant to approve that rate here for several reasons.  The Seventh Circuit approved an award of $350.00 per hour for Mr. Rossiello back in 2001, characterizing that rate as close to the maximum rate Mr. Rossiello had received from other district courts.  *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 895 (7th Cir. 2001).  The court takes judicial notice that the increase in the consumer price index since 2001 is less than 30%, *see* http://www.bls.gov/news.release/cpi.t01.htm;ftp://ftp.bls.gov/pub/special.requests/cpi/ cpiai.txt,  The increase in Mr. Rossiello's claimed hourly rate from $350 to almost $600 runs well in excess of that. Neither party in this case has made any reference to the "*Laffey* matrix," which is used by many courts to determine an appropriate hourly rate in cases where a statue permits fee-shifting.  *See* http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.htm   (visited  March  28, 2011).  That matrix suggests, for an attorney of Mr. Rossiello's seniority, an hourly rate for the years 2010-11 no greater than $475 in a market where billing rates "appear significantly higher than those typically awarded in this district."  *Elusta v. City of Chicago*, No. 06 C 4264, ___ F.  Supp. 2d ___, 2010 WL 5157333 *3 (N.D. Ill. Dec. 13, 2010).

Most significantly, in this case, Mr. Rossiello's recovery is not limited to the statutory fee award.  He has contracted with his client for a payment to him of "a contingent fee of 33-1/3% plus $7,500.00 out of any amounts and benefits recovered by suit, settlement or otherwise."  Contingent Fee Agreement, Exhibit G to Plaintiff's Fee Petition [137-8]. The agreement that Plaintiff signed on June 29, 2006 stipulates that "the $7,500.00 portion of the fee is not credited toward any portion" of either the statutory fee award or the 33-1/3% contingency.[1]  *Id.*  Thus, Mr. Rossiello stands to recover almost $30,000 from his client before any statutory fee changes hands.  As Mr. Rossiello

---

[1] The court is disturbed to see, in Mr. Rossiello's September 2, 2009 affidavit, the statement that his client "retained him on a contingency fee contract of 33.33% of any amount recovered, plus **$10,000.00**."  Rossiello Aff., Exhibit B to Motion for Attorneys' Fees, ¶ 3.  The court presumes this is a typographical error and will expect Mr. Rossiello to confirm that he has not unilaterally rewritten his client's retainer agreement.

note in his reply memorandum, courts have permitted assignments by plaintiffs of their right to a statutory fee award, and the Supreme Court has observed that the availability of a statutory fee does not preclude enforcement of a contingent-fee agreement. *Venegas v. Mitchell*, 495 U.S. 82 (1990). In *Venegas*, unlike here, however, the plaintiff's lawyer had agreed to credit any statutory recovery against his client's contingent fee obligation. *Id.* at 84. Mr. Rossiello has no such contractual obligation, and cites no case enforcing an agreement that so generally compensates counsel as this one does.

In light of this agreement, the evidence that Mr. Rossiello cites in support of his very substantial hourly fee is less persuasive. Mr. Erf and Mr. Schnadig are defense attorneys who earn substantial hourly rates but no additional contingent reimbursement. Ms. Abrahamson represents plaintiffs, but she has not suggested that the hourly rate she charges her clients is a floor on which contingent recovery will also be stacked. (Ms. Abrahamson's claimed hourly rate is a market rate, and the court presumes Mr. Rossiello has paid it.) Counsel for Defendant Sheridan reports he charged his client less than $250.00 per hour for his service in this case. The court concludes that an hourly rate of $400 will amply compensate Mr. Rossiello for his successful efforts on Plaintiff's behalf.

## **CONCLUSION**

Plaintiff's motion for an award of attorneys' fees [137] is granted in part and denied in part. The court reduces the number of hours by 20 hours of Mr. Rossiello's time prior to summary judgment, by 10 hours of Mr. Rossiello's time devoted to the fee petition, and by 2.17 hours of time devoted by an associate to this case during Mr. Rossiello's suspension from the practice of law. The court reduces the hourly fee he requests to $400. Defendant's objections to the fee request are otherwise overruled. The court directs the parties to submit, within 21 days, an agreed calculation of the resulting fee award. The court expects, as well, that Mr. Rossiello will confirm that he will recover from his client no more than the amount she agreed to pay him, and will demonstrate

9

that he has paid Ms. Abrahamson at her billed rate. As Defendant does not object to the bill of costs, costs will be taxed in the amount of $1,271.27.

ENTER:

Dated: March 29, 2011

_____
REBECCA R. PALLMEYER
United States District Judge