IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| DANIELLE L. PICKETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 1722 |
| ) | JUDGE PALLMEYER |
| SHERIDAN HEALTH CARE CENTER ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR APPROVAL OF RECEIPT OF FEES
FOR SERVICES RENDERED BEFORE IMPOSITION OF DISCIPLINE
PURSUANT TO ILLINOIS SUPREME COURT RULE 764(h)(1)
AND PROPOSED ORDER FOR ADJUSTMENT OF AWARD OF
ATTORNEYS' FEES FOLLOWING REMAND FROM SEVENTH CIRCUIT**

I. **INTRODUCTION**

On December 15, 2011 the Seventh Circuit vacated and remanded to this court for redetermination the statutory award of Title VII, 42 U.S.C. 2000e-5(k), attorneys' fees for Mr. Ernest Rossiello ("counsel"). *Pickett v. Sheridan Healthcare*, 7th Cir. No. 11-2146 (Dec. 15, 2011). Counsel had achieved "excellent results" within the meaning of *Hensley v. Eckerhart* when he obtained a favorable verdict for Danielle Pickett in her civil rights suit against her employer for maliciously discharging her for complaining of sexual harassment. Pickett was awarded compensatory damages, punitive damages, back pay, equitable relief and an injunction against her employer. Counsel, therefore, is entitled to a fully compensatory fee. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). .

Although counsel is temporarily suspended from the active practice of law in this district through July 17, 2012, Illinois Supreme Court Rule 764(h)(1) permits a suspended lawyer to

receive fees earned for services rendered before the imposition of discipline. In this case, compensation is sought to be received for services rendered between June 29, 2006 and March 28, 2011, before the suspension became effective. The local rules of this district apparently have no equivalent to Illinois Supreme Court Rule 764(h)(1). Counsel, having conferred with his lawyer, Mr. George Collins, herewith presents this motion on his own behalf. He seeks no further compensation for Pickett. As the Seventh Circuit has held, the fee award "goes straight from the plaintiff to counsel and is not intended to be additional compensation for plaintiffs." *Mathur v. Bd. Of Trustees*, 317 F.3rd 738, 739 (7th Cir. 2003).

Counsel asks that he be awarded an additional $47,386.40 based on his historical rates for 175 hours of time expended from June 29, 2006 through March 29, 2011, with prejudgment interest compounded at the current prime rate of 3.25%, or such higher rate as the defendant can show with evidence of what they pay to borrow money. Defendant has been given a credit for the $70,000.00 paid by them in April, 2011. [See proposed order attached]. Counsel has allocated the 175 hours previously approved by this court year by year, according to the time records submitted.

## II. SYNOPSIS OF THE SEVENTH CIRCUIT'S OPINION

In its opinion, the court of appeals vacated and remanded the attorney's fee award for recalculation, without taking into account the contingency fee agreement which he had with his client. Following the Supreme Court of the United States in *Venegas v. Mitchell*, 495 U.S. 82, 90 (1990), and other Supreme Court cases, the Seventh Circuit held that the district court erred by extending its reasonableness inquiry into the lodestar determination beyond the contours of the statutory fee award. *Pickett v. Sheridan Healthcare*, 7th Cir. No. 11-2146 (Dec. 15, 2011), slip op. 16. The Seventh Circuit held the statutory fee and the contingent fee are "distinct" and the

contingent fee should not be allowed to influence the determination of the reasonableness of the hourly rate under the traditional lodestar method of computation. *Pickett v. Sheridan Healthcare*, 7th Cir. Docket No.11- slip op. 13. It also reinstated the award of $9,268.79 to the Abrahamson law firm, which counsel has already paid personally directly to Abrahamson, Vorachek and Levin.

### III. PREJUDGMENT INTEREST/OVER FIVE YEAR DELAY IN PAYMENT

There has been a more than five and one-half year delay in this case since Pickett retained private counsel to represent her. He has not been fully paid yet. Where there has been a delay in payment of attorney's fees, the district court should award either the lawyer's current market rate or his or her historical rates enhanced by prejudgment interest. *Smith v. Village of Maywood*, 17 F.3rd 219 (7th Cir 1994). Counsel suggests that the court use historical rates established in the record. The Seventh Circuit also held in *Village of Maywood* that the district court is "to base the award on rates charged when the services were rendered and add interest on that amount to the present." *Smith v. Village of Maywood*, 17 F.3rd 219, 221 (7th Cir. 1994). Counsel has endeavored to make this arithmetical calculation on the attached proposed order. He has taken his historical rates from the time records in *Davis v. Electrical Insurance Trustees*, No. 06C5913 (N.D.Ill.), attached to the motion for attorney's fees, Doc. No. 137, Ex. 12. Counsel has added prejudgment interest compounded on those rates from the year when the services were rendered through to March 29, 2012, the anticipated time of payment by defendant, to allow the district court additional time to decide the issues here. Compound interest is wholly permissible, if not required. *Gorenstein v. Quality Care*, 874 F.2nd 431, 36 (7th Cir. 1989).

In *Gorenstein v. Quality Care, USA*, 874 F.2nd 431, 436 (7th Cir. 1989), probably the leading case on prejudgment interest in this circuit, our court of appeals (Posner, J.) in affirming

- 3 -

the use of compound interest and the prime interest rate for purposes of prejudgment interest, reminded district judges that the prime rate is not necessarily the *sine qua non* of interest rates. It may be too low. Judge Posner was of that opinion. Id. He believed that a more accurate prejudgment interest rate to award would be the percentage of interest which the defendant pays on unsecured loans. Judge Posner reasoned that where a plaintiff has won a judgment, the plaintiff becomes a general creditor of the defendant, subject to a risk of default and the risk of coming up with nothing. The defendant should not be rewarded for the delay. Defendant, therefore, is invited to inform the district court and counsel what interest rate it pays its creditors on unsecured loans, if it wishes to do so. This may result in an increased fee enhancement. However, for the sake of convenience, at this juncture, counsel proposes the current prime rate (3.25%) compounded. The court may take judicial notice of the prime rate pursuant to Rule 201 of the Federal Rules of Evidence. *The Wall Street Journal*, January 25, 2012, p. C. 5.

The computations presented in the attached proposed order are in the format used by the late Judge Hubert L. Will. Judge Will would determine the historical rates, year by year, time-period by time-period, multiple the number of hours reasonable hours expended, then enhance those calculations with pre-judgment interest to the present. This format counsel has been adopted by other judges in this district where counsel has obtained favorable plaintiffs' verdicts. It should also be adopted by this court.

### IV. <u>REASONABLENESS OF THE REQUESTED FEE AND HOURLY RATES</u>

Counsel's proposed order would call for an additional net fee to him of $47,386.40. This is a quite reasonable fee as this case was tried to verdict, went to a settlement conference before a magistrate judge, to mediation in the Seventh Circuit and has been decided twice in the court of appeals—once on the merits and again on the fee issue. The total fee to counsel awarded would

be $117,386.40, much less than the fee of $136,756.96 obtained in a very similar Title VII retaliation tried to verdict on July 23, 2008, about six weeks before this trial on September 2, 2008. *Davis v. Electrical Insurance Trustees*, No. 06 C 5913 (N.D. Ill.). [See, Docket No. 137, Ex. 12 for copies of the time records and actual check paid in *Davis v. EIT.*] Notably, as the record shows, defendant in *Davis v. EIT* promptly paid the fee shortly after Judge Bucklo decided post trial motions and decided back pay. *Davis v. EIT* was a two-day jury trial. There was no appeal, yet the fee was greater than the one requested here. The rates in *Davis v. EIT* were between $540/hour and $620.00/hour for services rendered between 2006 and 2008. Counsel requests that those same historical rates be applied here. This case involved much more work and two appeals. The fee requested is not unreasonable.

Counsel suggests that the district court award the historical rates actually paid by the losing defendant in *Kimberly Davis v. Electrical Insurance Trustees*, No. 06C5913 (N.D. Ill.) Doc. 137, Ex. 12, motion for attorney's fees. *Davis* was referenced by the Seventh Circuit in its opinion (slip op. 3). The time and billing records in *Davis* and *James v. Illinois Mentor, Inc.* No. 05L014284 (Cook Co., Ill.) (to a large degree), both of which are part of this record, show Mr. Rossiello has billed and actually collected hourly rates of $540 in 2005, $595.00 in 2007, and $620.00 from 2008 through 2011. [See, Docket No. 111, Ex. 13, *James v. Illinois Mentor*, copies of checks paid and time and billing records with rates actually paid.] Counsel respectfully suggests that these rates be approved as **his** historical rates and as **his** market rates. As Judge Easterbrook stated in *Barrow v. Falck*, 977 F.2nd 1100, 1105 (7th Cir. 1992), "[P]erhaps *other* attorneys...have market rates in the range of ...rates vary with skill and the time a lawyer needs to accomplish a task. But *this* attorney had a market rate of ....It is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the

- 5 -

lawyer would receive if he were selling his services in the market rather than being paid by court order." Id. citing *Pressly v. Hager*, 977 F.2nd 295 (7th Cir. 1992) and *In Re: Continental Securities Litigation*, 962 F.2nd 566, 568 (7th Cir. 1994). Counsel's requested rates are supported by copies of checks showing what he has actually been paid over the past seven years, as well as by the affidavits of Abrahamson ($550 or higher when a case goes to trial) and Erf of McDermott, Will & Emery ($600-$700 per hour). Judge Flaum noted these rates in his opinion in *Pickett* and acknowledged them to be market rates, as this court previously found. *Pickett v. Sheridan Healthcare*, slip op. 21.

Counsel also notes that another judge in this district approved an hourly rate of $620.00 for Mr. Rossiello in *Maksymowicz, et al. v. Zoom Graphics, et al.*, No. 09C5365 (N.D. Ill., Jan. 21, 2010). This court should not disregard such other fee awards, even where they were uncontested. *Pickett v. Sheridan Healthcare*, slip op. 24. Counsel's time and billing records in this case also support such a rate. A 2008-2010 hourly rate of $620.00 is clearly shown by the record here..

The rates requested should be accepted by the district court because at least twice in *Pickett v. Sheridan Healthcare*, 7th Cir. No. 11-2146 (Dec. 15, 2011) the court of appeals stated that counsel had presented "substantial evidence to support the requested fee award." *Id.*, slip op. 23 and 32. It admonished the district court "not to set the amount of evidence required (to establish hourly rates) at a nearly unattainable level." Id. 21. It affirmed this court's finding that Vicki Lafer Abrahamson's hourly rate of $550.00 was a "market rate". Ms. Abrahamson has nine years' less experience than Mr. Rossiello, and charges even more than $550.00 per hour when the case proceeds to trial, as Judge Flaum noted, *Pickett v. Sheridan Healthcare*, No. 11-2146 (Dec. 15, 2011, slip op. 21). Counsel's requested hourly rate of $620.00 is not excessive in

the year 2010-2011 for a lawyer of his experience and skill in successfully trying employment cases to verdict and arguing them on appeal.

The Seventh Circuit found that defendant's evidence of market rates was "sparse" (slip op. 24) (and) "in contrast to the substantial evidence presented by plaintiff, defendant offered hardly any evidence in support of a lower hourly rate." Slip op. 23. Nonetheless, the Seventh Circuit stated that defendant's "sparse" evidence of a $250.00 hourly rate which it "reports" (slip op. 33, Record Document No. 156, page ID # 1529) charging the defendant satisfied its burden of offering some evidence of market rates. A closer look at the record, though, shows that defendant offered no counter-affidavits, no fee contracts, no fee awards, no bills, no statements, no receipts and no settlement agreements, as did Mr. Rossiello, to prove hourly rates billed and collected. In fact, counsel would not be surprised if Mr. Weintraub is house counsel "on salary" by defendant, which is the reason he could do no more than "report" that he charged his client less than $250 per hour. It is believed that Barton Healthcare owns Sheridan Healthcare and that Mr. Weintraub is largely, if not wholly, employed by Barton Healthcare.

### V. **OMISSIONS FROM THE ORDER OF MARCH 29, 2011**

In the order of March 29, 2011 the district court taxed the fees for services performed in 2007-2008 by Mr. Rossiello's associate, Petrine J. Neilsen, and his paralegal assistants. Doc. 156, p. 9). However, these amounts were inadvertently omitted when the the proposed order was submitted to chambers on April 19, 2011. Doc. No. 164, pp. 3-4. Defendant has not paid them, although they should have known that the the district court had overruled all other objections to the fee request. Counsel has included them in the attached proposed order with the appropriate prejudgment interest to the date of anticipated payment, March 29, 2012.

WHEREFORE counsel respectfully requests the court to recalculate the fee to be awarded

to counsel, in accordance with the attached computations.

>s/Ernest T. Rossiello
>ERNEST T. ROSSIELLO
>
>ERNEST T. ROSSIELLO & ASSOCIATES, P.C.
>134 North LaSalle Street, Suite 710
>Chicago, Illinois 60602
>Telephone: (312) 346-8920

Dated:   January 25, 2012


### CERTIFICATE OF SERVICE

The undersigned, an attorney, states that a true and correct copy of said document was served upon defendant pursuant to ECF as to Filing Users in accordance with Fed.R.Civ.P.5(a) and (b) on this January 25, 2012.

>/s/ Ernest T. Rossiello
>**ERNEST T. ROSSIELLO**

OF COUNSEL:

L. Steven Platt
CLARK HILL, LLC
150 North Michigan Avenue
Chicago, Illinois 60601
312/985-5943

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| DANIELLE L. PICKETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 1722 |
| | ) | JUDGE PALLMEYER |
| SHERIDAN HEALTH CARE | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AWARDING ATTORNEY'S FEES

ON MOTION of ERNEST T. ROSSIELLO, on remand from the United States Court of Appeals for the Seventh Circuit, and having considered its opinion of December 15, 2011, the court hereby awards attorney's fees in this matter as follows:

## ERNEST T. ROSSIELLO & ASSOCIATES, P.C.

Ernest T. Rossiello

[June 29, 2006 – Dec. 31, 2006]

| | | |
|---|---|---|
| 6.46 hrs. @540/hr. | = | $3,488.40 |
| Interest @3.25% through March 29, 2012 | = | 637.71 |

[January 1, 2007 –Dec. 31, 2007]

| | | |
|---|---|---|
| 28.96 hrs. @ $560/hr. | = | 16,217.60 |

Interest @ 3.25% through
March 29, 2012            =        2,346.52

[January 1, 2008 –Dec. 31, 2008]

    82.2hrs. @ $620/hr.       =        50,964.00
    Interest @3.25% through
    March 29, 2012            =        5,604.73

[January 1, 2009 – Dec. 31, 2009]

    52.38 hrs. @ $620/hr.     =        32,475.00
    Interest @3.25% through
    March 29, 2012            =        2,426.50

[January 1, 2010- March 29, 2011]

    5 hrs. @620.00/hr.        =        3,100.00
    Interest @3.25% through
    March 29, 2012            =        + 125.94

                                                117,387.00
                                               -70,000.00 paid by defendant

            **SUBTOTAL**       =        **47,387.00**

Petrine J. Neilsen, Associate Lawyer

    [April 23, 2007-Aug. 21, 2007]
        9.89 hrs. @ $237.50/hr.   =        2,348.87
        Interest @3.25% through
        March 29, 2012            =        429.95

Katie O'Neil, paralegal assistant

    [June 2006-Oct. 2006]
    1.57 hrs. @$120.00/hr.        =        188.40
    Interest @3.25% through
    March 29, 2012                         29.30

Julie A. Meyer, paralegal assistant

    [July 8, 2007]
    .83 hrs. @ $120.00/hr.   =   99.60
    Interest @ 3.25% through
    March 29, 2012          16.18

Sarah A. Marudecki, paralegal assistant

    [May 5, 2008-June 30, 2009]
    3.15 hrs. @ $115.00/hr.   =   362.25
    Interest @ 3.25% through
    March 29, 2012   =   50.10

Christine M. Kelly, paralegal assistant

    [February, 2007-Feb. 1, 2008]
    1.27 hrs. @ $135.00/hr.   =   171.45
    Interest @ 3.25% through
    March 29, 2012   =   23.56

## ABRAHAMSON, VORACHEK & LEVIN

    Award of March 29, 2011   =   9,268.79
    Interest @ 3.25% through
    March 29, 2012   =   + 301.23
                                      **$60,676.08**

IT IS HEREBY ORDERED that defendant issue one check payable to the order of ERNEST T. ROSSIELLO & ASSOCIATES, P.C. in the sum of $60,676.08.

IT IS FURTHER ORDERED that Ernest T. Rossiello be allowed to receive these fees as reimbursement to himself and to his firm for the expenses of litigation incurred by plaintiff in the successful prosecution of this case before his suspension from practice in this court, pursuant to Illinois Supreme Court Rule 764(h)(1).

ENTER:

_____
UNITED STATES DISTRICT JUDGE

Dated : _____, 2012

ERNEST T. ROSSIELLO
1338 Franklin Avenue
River Forest, Illinois 60305
708/366-0622

OF COUNSEL:
L. Steven Platt
CLARK HILL LLC
150 North Michigan Avenue
Chicago, Illinois 60601
312/985-5943